# SCHLAFLY v. SMITH.

PATENTS; INTERFERENCE; PRIORITY.

Where the evidence in interference is insufficient to show the junior party's construction of the device in issue before the senior party's original application, the latter is entitled to an award of priority.

No. 907. Patent Appeal. Submitted May 11, 1914. Decided May 22, 1914.

HEARING on an appeal by the Commissioner of Patents in an interference proceeding.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the decision of the Commissioner of Patents awarding priority to Andrew Smith of an invention of a draining culvert, in an interference proceeding between him and Julius H. Schlafly, appellant.

The issue is in three counts, as follows:

"1. A sheet metal culvert section provided with circumferential corrugations and with draining apertures, substantially as and for the purpose specified.

"2. A culvert section provided with circumferential corrugations presenting externally convex and concave portions, and draining apertures in the said concave portions.

"3. A sheet metal culvert section provided with transverse corrugations presenting externally concave and convex portions and apertures located in the concave portions."

The application of Schlafly was filed January 4, 1910. Smith's application was filed March 25, 1912, as a division of an application filed April 19, 1909. Schlafly received a patent on his application January 3, 1911. Smith, being the senior applicant by virtue of his original application filed April 19, 1909, relied on his filing date and has taken no testimony.

Schlafly alleges conception and disclosure of the invention in June, 1908; that he completed a full size drain culvert on June 3, 1908; shipped the same to the Berger Manufacturing Company's plant in Philadelphia, June 19, 1908, where it was successfully used June 25, 1908; and that since June 19, 1908, such drain culverts have been sold to the trade. He has taken testimony to support these allegations.

It appears that Schlafly is superintendent of the Berger Manufacturing Company at Canton, Ohio, and is president of the Canton Culvert Company. The office of the latter company is in that of the former, and the drain culverts, as well as other culverts, are manufactured by the Berger company for the culvert company. Neither company keeps the drain culverts in stock, but the culvert company receives orders which it fills by ordering the manufacture by the Berger company. The shipping clerks of the two companies are the same.

Schlafly testifies that he made a sample of his new draining culvert on June 3, 1908, and shipped the same to the Berger Manufacturing Company at Philadelphia. This was about 12 inches long, was made of corrugated iron, and contained the perforations.

Each of the tribunals of the Patent Office held that this testimony was uncorroborated and could not be held to establish the fact.

Schlafly produced a photograph of a section of drain pipe about 12 feet long, with perforations corresponding to the issue, which he said was taken in the summer of 1908. The Examiner of Interferences, while admitting that the evidence of the date was meager, accepted it as sufficient and award priority to Schlafly. This was reversed by the Examiners in Chief, whose decision reviews all the evidence upon the point. They were of the opinion that the photograph could not have been taken earlier than the fall of 1909. In this opinion the Commissioner concurred.

*Messrs. Bond & Miller, Mr. Titian W. Johnson,* and *Mr. Frederick W. Bond* for the appellant.

*Mr. Eugene C. Brown* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Upon an examination of the record we agree with the conclusions of the Examiners in Chief and the Commissioner, that the proof is not sufficient to show the construction of the draining culvert of the issue by Schlafly prior to the original filing date of Smith; and that the latter is entitled to the award of priority. It is unnecessary to add anything to the decisions of the Office tribunals. The decision is affirmed, and the Clerk will certify this decision to the Commissioner of Patents.

*Affirmed.*